UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA M. RINCON,<br><br>    Plaintiff,<br>v.<br><br>SERGIO ADAM HAROS; ALTHEA C. RAUSH; GREAT WESTERN MORTGAGE; PAUL FINANCIAL, LLC; M.A.D. INVESTMENTS GROUP; ROBERTO ANTONIO ARAIZA; INDYMAC FEDERAL BANK FSB; QUALITY LOAN SERVICE as TRUSTEE; and DOES 1 through 100,<br><br>    Defendants. | Civil No. 09cv0919 JAH(BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. # 53]** |

### INTRODUCTION

Pending before the Court is the motion to dismiss Maria M. Rincon's ("plaintiff") second amended complaint ("SAC") filed by defendant One West Bank, FSB as successor in interest to certain assets and liabilities of Indymac Bank, FSB ("defendant" or "One West Bank"). The motion has been fully briefed by the parties. After a thorough review of the parties' submissions, and for the reasons set forth below, this Court **GRANTS** defendant's motion to dismiss and dismisses plaintiff's claims against One West Bank.

//
//
//

## BACKGROUND

**1.   Factual Background**

The SAC alleges that plaintiff, a native of Mexico, applied for a refinancing loan through Alethea C. Raush ("Raush"), a licensed notary[1] who represented herself as a real estate agent, using application forms in English, which is not plaintiff's primary language. Raush submitted plaintiff's application through Sergio Adam Haros ("Haros"), an employee of Great Western Mortgage ("Great Western"). The application, attached as Exhibit A to plaintiff's SAC, indicates Haros received the information contained on the form through a face-to-face interview with plaintiff, Doc. # 50, Exh. A at 4, but plaintiff claims she never met or spoke with Haros and the information contained on the form was "fabricated."[2]  Doc. # 50 ¶ 3.  The loan was approved on March 21, 2006.  Id. ¶ 6.

Plaintiff signed the formal closing documents with Raush acting as "Closing Agent Notary."  Doc. # 50 ¶ 7.  The loan documents were provided to plaintiff at that time, including a statement of final closing costs, in English, dated January 14, 2006, but plaintiff lost the documents during a hurricane.  Id.  Plaintiff received a Final Settlement Statement on March 29, 2006, which itemized the fees and costs paid by plaintiff.  Doc. # 50 ¶ 8.  The costs and fees totaled over $18,600, including a $12,796.88 fee labeled "Yield Spread Premium."  Id.; *see* Doc. # 50, Exh. D.  Plaintiff claims she was not informed that "accepting this [Yield Spread Premium] fee would affect the interest rate of the loan and the overall cost of borrowing these funds" nor was she informed that the loan was a "negative amortization loan."  Doc. # 50 ¶ 7.  The loan was issued through Paul Financial, LLC, ("Paul Financial").  *See* Doc. # 50, Exh. B.

After the loan was approved, plaintiff was introduced by Raush to Roberto Antonio Araiza ("Araiza"), the owner of M.A.D. Investments Group ("M.A.D."), whom plaintiff

---

[1] Plaintiff claims she understood notaries to have a higher level of professional authority in real estate, as is customary in Mexico.  Doc. # 50 ¶ 2.

[2] Plaintiff claims, among other things, that her income was falsified, in that "the loan originator named a fictitious business as the Plaintiff's employer ... [and] gave untrue income amounts."  Doc. # 50 ¶ 12.

believed to be a real estate investor. Plaintiff then agreed to invest in a real estate development project through Araiza, ultimately investing $300,000 ($200,000 initially and $100,000 at a later date) with Araiza and M.A.D. Araiza gave plaintiff $1,900 per month for four months but, on the fifth month, paid her only $900. Doc. # 50 ¶ 12. Plaintiff then, a "few months later," requested funds for a trip to Mexico and received $4,000 from Araiza. Id. Plaintiff received no other monies in return on her investment with Araiza and M.A.D. Id.

A substitution of trustee, substituting Foundation Conveyancing, LLC with defendant Quality Loan Service Corporation, was executed on January 16, 2009 and recorded in the San Diego County Recorder's Office on March 2, 2009. Doc. # 36-5, Exh. B.[3] The beneficial interest in the deed of trust was assigned to Indymac Federal Bank, FSB on January 16, 2009 and recorded in the San Diego County Recorder's Office on March 19, 2009. Id., Exh. B. Plaintiff subsequently defaulted on the loan and a notice of default was recorded on January 16, 2009. Id., Exh. D. A notice of trustee's sale was recorded on April 20, 2009, setting a sale date for May 7, 2009. Id., Exh. E. Plaintiff claims that a copy of that notice was never mailed to her. Doc. # 50 ¶ 16. Plaintiff was "locked out of her property by the lender" on March 10, 2009, for "approximately 14 days," at which time her attorney succeeded in having the property "unlocked." Id.

**2.    Procedural History**

On May 1, 2009, plaintiff filed her original complaint seeking declaratory and injunctive relief from foreclosure, along with actual and statutory damages, attorneys fees and costs of suit. *See* Doc. # 1. On July 23, 2009, plaintiff filed her FAC and, on March 11, 2011, plaintiff filed her SAC, the operative pleading here. *See* Doc. # 50. The SAC alleges (1) violations of the Home Ownership Equity Protection Act ("HOEPA"); (2) violations of the Truth in Lending Act ("TILA"); (3) violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA"); (4) violations of 12 CFR 202.14; 24 CFR

---

[3] This Court previously took judicial notice of these documents referenced by defendant in support of its prior motion to dismiss. *See* Doc. # 49 at 3 n.3.

§ 203, and 24 CFR § 3500; (5) violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17500, *et seq*.; (6) violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*.; (7) fraud; (8) unlawful foreclosure; (9) declaratory relief; and (1) injunctive relief. *See* id.

On March 5, 2011, defendant filed the instant motion. On May 9, 2011, plaintiff filed an opposition to the motion and, on May 11, 2011, defendant filed a reply brief. This Court subsequently took the motion under submission without oral argument. *See* Civ LR 7.1(d.1).

## DISCUSSION

Defendant moves to dismiss plaintiff's SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, defendant moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.[4]

**1.     Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

---

[4] Because this Court ultimately grants defendant One West Bank's motion to dismiss, this Court does not address the alternative motion for more definite statement.

129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See* Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

2. **Analysis**

Defendant moves to dismiss plaintiff's eighth, ninth and tenth causes of action for failure to state a claim upon which relief may be granted.  In the alternative, defendant moves for a more definite statement on the grounds the plaintiff's complaint is vague and ambiguous such that a responsive pleading cannot be framed by defendant. *See* Doc. # 53.

1    Defendant contends that plaintiff's eighth cause of action, which seeks relief based
2 on allegations that defendant wrongfully foreclosed upon plaintiff's property, fails to state
3 a claim because plaintiff has not, and cannot, tender her secured indebtedness as is
4 required to maintain a cause of action for wrongful foreclosure. Doc. # 53-1 at 5 (citing
5 Karlsen v. American Savings and Loan Assn., 15 Cal.App.3d 112, 117 (1971) ("A valid
6 and viable tender of payment of the indebtedness owing is essential to an action to cancel
7 a voidable sale under a deed of trust."); Abdallah v. United Savings Bank, 43 Cal.App.4th
8 1101, 1109 (1996)(a defaulted borrower is "required to allege tender of the amount of
9 [the] secured indebtedness in order to maintain any cause of action for irregularity in the
10 sale procedure.")). Defendant notes plaintiff alleges, in her SAC, that "'she will be able
11 to issue tender on the loan with the judgment she receives as a result of the action.'" Id.
12 (quoting SAC ¶ 62). Defendant thus claims plaintiff "not only as failed to make a prior
13 offer of tender, she explicitly acknowledges that she could not have done so, since she
14 alleges she will only be 'able' to tender if she collects from the Defendants named in this
15 lawsuit." Id. at 5-6. Plaintiff, in opposition, does not dispute she has not tendered nor
16 alleged prior tender of her indebtedness, nor does she dispute that she must do so to state
17 a claim for relief. *See* Doc. # 54 at 3. Instead, plaintiff reiterates that she will tender the
18 funds upon receipt of the judgment in this case. Id.

19    Generally, tender of the amount owed is a condition precedent to any claim for
20 wrongful foreclosure or challenge to the validity of a foreclosure sale. *See* Abdallah v.
21 United Savings Bank, 43 Cal.App.4th 1101, 1110 (1996); Management Corp. v. Eischen,
22 158 Cal.App. 3d 575 (1984); Gardner v. Am. Home Mtg. Servicing, Inc., 2010 WL
23 582117 (E.D.Cal. 2010). This Court notes that the majority of California district courts
24 recognize that plaintiffs seeking to set aside a completed foreclosure must allege the ability
25 to tender. *See, e.g.*, Lipscomb v. Mortgage Elec. Registration Sys., Inc., 2011 WL 3361132
26 *7 (E.D.Cal. August 3, 2011); Davidson v. Countrywide Home Loans, Inc., 2011 WL
27 1157569 *3 (S.D.Cal. March 29, 2011); Grant v. Aurora Loan Services, Inc., 736
28 F.Supp.2d 1257, 1269-70 (C.D.Cal. 2010); Pantoja v. Countrywide Home Loans, Inc.,

640 F.Supp. 2d 1177, 1184 (N.D.Cal. 2009). Because plaintiff has not, and clearly indicates she cannot, allege she has the ability to tender payment, plaintiff has failed to meet the condition precedent required to state a claim for wrongful foreclosure. Therefore, defendant's motion to dismiss plaintiff's eighth cause of action against defendant One West Bank is GRANTED. Since plaintiff cannot allege she has the ability to tender her indebtedness, this Court dismisses plaintiff's wrongful foreclosure claim against defendant One West Bank with prejudice because it cannot possibly be cured by the allegation of other facts. *See* Doe, 58 F.3d at 497. In addition, because plaintiff's sole claim against defendant One West Bank fails, plaintiff's injunctive and declaratory relief claims against this defendant must also fail.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion to dismiss [doc. # 53] is **GRANTED** in its entirety and plaintiff's Eighth, Ninth and Tenth Causes of Action against defendant One West Bank are **DISMISSED with prejudice**.

DATED: November 21, 2011

JOHN A. HOUSTON  
United States District Judge